IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT NATHAN JONES, )<br>Reg. No. 26039-001 )<br>  )<br>  Petitioner, )<br>  )<br>v. )<br>  )<br>WALTER WOODS, )<br>  )<br>  Respondent. ) | <br><br><br><br><br>CIVIL ACTION NO. 2:19-CV-61-WHA |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Robert Nathan Jones, a federal inmate confined in the Maxwell Federal Prison Camp at the time he filed this civil action. In this petition, Jones contends he is entitled "[t]o serve the remaining part of [his] imposed sentence in home confinement, less any good time earned." Doc. 1 at 7. Specifically, Jones alleges that the Bureau of Prisons ("BOP") has failed to immediately recalculate his sentence and correct his Good Conduct Time ("GCT") credit in accordance with the provisions of the First Step Act enacted on December 21, 2018. Jones also asserts that the BOP is denying him his right to placement on home confinement based on his age as mandated by the Act. He requests that the court issue an order directing the BOP to immediately calculate his GCT and place him on home confinement as required by the First Step Act of 2018. Doc. 2 at 4.

In his response to the habeas petition, the respondent argues that the petition is due to be denied because Jones failed to exhaust his available administrative remedies provided by the BOP prior to seeking relief from this court. Doc. 14 at 4–6. He also denies any violation of Jones' constitutional rights or federal law with respect to either the calculation of his GCT or his lack of placement on home confinement. Doc. 16 at 6–8.

In support of his exhaustion defense, the respondent maintains that:

> The Administrative Remedy Program [established by the BOP] is described at 28 C.F.R. § 542.10, et seq., Administrative Remedy Procedures for Inmates. In accordance with the [formal] administrative remedy procedures, inmates must first present their complaint to the Warden of the facility in which the inmate is confined[.] . . . Administrative Remedy Form BP-229(13) is the form to be utilized at the institution level, which is commonly referred to as a "BP-9" form. If the inmate is not satisfied with the response to the BP-9 received from the Warden, the response may be appealed to the Regional Director within 20 days of when the warden signed the response. Administrative Remedy Form BP-230(13) is the form to be utilized at the regional level, which is commonly referred to as a "BP-10" form. If the inmate is not satisfied with the response of the Regional Director, that response may be appealed to the General Counsel's Office within 30 days of when the Regional Director signed the response. Appeal to BOP's Office of General Counsel is the final step in the BOP's administrative remedy process. Administrative Remedy Form BP-231(13) is the form to be utilized at the final level, which is commonly referred to as a "BP-11" form. The response from the General Counsel's Office is considered the final agency decision.[1]
>
> If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.
>
> . . . .

---

[1] An inmate must appeal through all three levels of the formal Administrative Remedy Process to properly exhaust his administrative remedies. 28 C.F.R. § 542.15(a). *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

> The Sentry Administrative Remedy Log for inmate Jones reflects that he has submitted twelve remedy requests; some have been accepted and some rejected. However, not one of these twelve remedy requests has been regarding [the claims presented in this case].
>
> Petitioner states in his filing there "are not administrative remedies available to the Petitioner." But fails to say how or why he cannot use the [administrative remedy] program.
>
> Thus, Petitioner has not exhausted the available administrative remedies and his petition should be dismissed.

Doc. 14-3 at 2–4 (paragraph numbering omitted) (footnote added).

The respondent further argues that even had Jones exhausted his administrative remedies he is entitled to no relief on the claims pending before this court. Initially, with respect to Jones' claim seeking an immediate award of GCT credit under the First Step Act of 2018, the respondent argues that "[t]his particular change does not become effective until the Attorney General completes, within 210 days of the FSA's passage, [sometime in July of 2019,] a 'risks and needs assessment system.' See FSA, Sections 101(a) & 102(b)(2)." Doc. 14 at 3. As such, he maintains this claim is premature. The respondent next argues that Jones is not entitled to home confinement because the BOP retains complete discretion "as to whether and when a prisoner is assigned home confinement" and claims alleging a right to home confinement "are expressly insulated from judicial review." Doc. 14 at 6–7.

In his reply to the respondent's response, Jones states that his GCT claim "is not the critical juncture in this case" but, instead, the critical issue is his request for placement on home confinement so "Petitioner does not require this Court to address good time

3

calculations." Doc. 16 at 4. With respect to his home confinement claim, Jones contends that he meets each of the eligibility requirements for placement on home confinement set forth in First Step Act of 2018 and is therefore entitled to such placement. Doc. 16 at 1–6. In sum, Jones maintains "the FSA mandates that [he] be released to home confinement." Doc. 16 at 9. As discussed below, *infra*. at 6–8, this assertion is foreclosed by applicable federal law.

## II. DISCUSSION

### A. Jurisdiction

The law is well-settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2005); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). Here, Jones alleges the BOP has failed to calculate his good time credits pursuant to the First Step Act of 2018. Jones also alleges he is entitled to placement in home confinement as he meets the newly enacted eligibility requirements for such placement.

"Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). As such, jurisdiction and venue are proper before this court as Jones was incarcerated in this district at the time he filed the instant petition.

*Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated."); *Brown v. Warden of FCI Williamsburg*, 2019 WL 1780747, at *2 (D.S.C. Mar. 25., 2019), Report and Recommendation adopted, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) ("A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held [at the time he files the petition], 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. [426,] 434–35 (2004), and 'in the district of confinement rather than in the sentencing court,' *Miller*, 871 F.2d at 490.")). Thus, the instant petition is properly before this court for review and disposition.

### B. Immediate Award of Good Time Credits

In his petition, Jones complains that the BOP has failed to immediately recalculate his sentence and correct his award of GCT credit according to the provisions of the First Step Act of 2018. Although Jones asserts he does not require the court to address this issue, the court finds it appropriate to do so under the circumstances of this case.

> Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) and therefore altered the availability of good-time credit for federal inmates. Specifically, it increased the maximum allowable good-time credit from 47 days to 54 days per year, and directed the BOP to calculate good-time credit from the beginning of the year rather than the end. However, these provisions do not take effect until the Attorney General completes the "risk and needs assessment system," which must be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act. *See Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). Thus, section 102(b)(1) "will not take effect until approximately mid-July 2019." *Christopher v. Wilson*, No. 4:19-cv-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019). Accordingly, [Petitioner's] argument that he is entitled to immediate relief lacks merit, and his request for a recalculation of his good-time credit based

> upon the amendments is premature. *See Schmutzler*, 2019 WL 727794, at *2 (summarily dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies); *see also Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *6–7 (D.S.C. Mar. 25, 2019); *Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO-HC, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019) (same); *Sheppard v. Quintana*, No. 5:19-cv-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019) (same); *Sennett v. Quintana*, No. 5:19-cv-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019) (same)[;] [*Pizarro v. White*, No. 1:19-CV-343, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019) (same); *Kornfeld v. Puentes*, No. 119CV00263JLTHC, 2019 WL 1004578, at *3 (E.D. Cal. Mar. 1, 2019) (same)].

*Crittendon v. White*, No. 1:19-CV-669, 2019 WL 1896501, at *1 (M.D. Pa. Apr. 29, 2019). Jones' request for immediate recalculation of his sentence based on the good time provisions set forth in the First Step Act of 2018 is therefore premature and subject to summary dismissal at this time.

### C. Placement on Home Confinement

Jones asserts that "pursuant to the First Sept Act [enacted in December of 2018 he is now] eligible to be moved to home detention" because he is "60 years old and ha[s] served 151 months of [his] 226-month sentence." Doc. 1 at 6. Based on the foregoing, Jones requests that the court issue an order directing the BOP to immediately place him "in home confinement" for the remainder of his sentence. Doc. 1 at 7. In response to this assertion, the respondent argues Jones is not entitled to relief as he has no right to placement on home confinement because the BOP retains total discretion in determining where a federal inmate is housed. Doc. 14 at 6–7.

The First Step Act of 2018 modifies 34 U.S.C. § 60541(g)(1) to provide that:

(A) The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from a Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.

(B) In carrying out a pilot program as described in subparagraph (A), the Attorney General [and by designation the BOP] may release some or all eligible elderly offenders and eligible terminally ill offenders from the Bureau of Prisons facilities to home detention upon written request from either the Bureau of Prisons or an eligible elderly offender or terminally ill offender.

As to the placement of elderly inmates on home confinement, the First Step Act, 34 U.S.C. § 60541(g)(5)(A), now reads as follows:

The term "eligible elderly offender" means an offender in the custody of the Bureau of Prisons –

(i) who is not less than 60 years of age;

(ii) who is serving a term of imprisonment that is not life imprisonment based on [certain identified offenses] and has served 2/3 of the term of imprisonment to which the offender was sentenced;

(iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);

(iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

(v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;

(vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction to the Federal Government; and

(vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or endangering any person or the public if released to home detention.

Under the First Step Act, as amended, the Attorney General — and by delegation the BOP — has exclusive authority and sole discretion to designate the place of an inmate's confinement. *Parsons v. Howard*, 2019 WL 469913, at *2 (M.D. Pa., February 6, 2019)

> Pursuant to the[] amendments [to the First Step Act], discretion to release a prisoner to home confinement lies solely with the Attorney General [and by delegation the BOP]. 34 U.S.C. § 60541. Accordingly, this court lacks authority to order petitioner's release [to home confinement]. *See, e.g., Xiao v. La Tuna Fed. Corr. Inst.*, No. EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019) (dismissing § 2241 petition [seeking home confinement based on age] relying on § 60541); *United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act [of 2018] gives the **Attorney General** [or the BOP by designation of the Attorney General] the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original); *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *3 (W.D. Tex. Jan. 29, 2019) (discussing § 60541 and concluding that prisoners have no constitutional or statutory right to be placed in home confinement, and the BOP has the discretion to determine whether to assign a prisoner to home confinement).

*Deffenbaugh v. Sullivan*, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019) (emphasis in original).

The First Step Act of 2018 does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant requirements for such placement; instead, the Act provides the BOP sole discretion to do so. Thus, Jones is not entitled to placement on home confinement. The court also notes that the BOP's placement

determinations, including those regarding home confinement, are expressly insulated from judicial review. *See Reeb v. Thomas*, 636 F.2d 1224, 1227 (9th Cir. 2011).

### D. Exhaustion

Even if Jones presented a good time claim ripe for review or set forth a viable claim regarding his lack of placement on home confinement, this court would not address the merits of these claims as Jones has failed to exhaust his available administrative remedies. Although Jones, in his reply, alleges his release to home confinement "has been predetermined" by the BOP so that he should be excused from the exhaustion of his administrative remedies, Doc. 16 at 8, this allegation is not supported by the record. Specifically, the undisputed administrative records show, and Jones concedes, that he has not undertaken the administrative remedies offered by the BOP seeking the relief sought in this habeas petition. Thus, it is undisputed that the BOP has made no determination regarding whether Jones should be released to home confinement. Moreover, alleged adverse decisions denying other unidentified inmates placement on home confinement does not show any predetermination of whether the BOP will place Jones on home confinement.

It is well established that a federal prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 "must [first] exhaust his available administrative remedies before he can obtain relief [from this court in a habeas action]."). *Davis v. Warden, FCC Coleman-USP*, 661 F. App'x 561, 562 (11th Cir. 2016), citing *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015); *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632,

9

634 (2nd Cir. 2001); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The administrative exhaustion requirement "is a judge-made requirement" which is not jurisdictional. *Santiago-Lugo*, 785 F.3d at 474. However, "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one. . . . And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits[.]" *Id*. at 475. "[T]he benefits of [requiring] exhaustion . . . include allowing a prison to address complaints about the program[s] it administers before being subject to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007) (internal citations omitted).

"In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules." *Davis*, 661 F. App'x at 562, citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirements of the Prison Litigation Reform Act governing inmate civil rights actions). In *Woodford*, the Court determined that because proper exhaustion of administrative remedies is necessary an inmate cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83–84. The Court reasoned that to hold otherwise would

eviscerate the exhaustion requirement. *Id*. at 90–91; *see also Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). Consequently, when a federal inmate fails to fully and properly exhaust all of the administrative remedies provided by the BOP before filing his habeas petition, the petition is due to be denied for such failure. *See Davis*, 661 F.App'x at 562; *Santiago-Lugo*, 355 F.3d 1295.

The respondent submitted a declaration by J. Latease Bailey, Consolidated Legal Center Leader/Supervisory Attorney for the Federal Bureau of Prisons, detailing the formal administrative remedies available to Jones and his failure to properly exhaust these remedies. Doc. 14-3 at 2–4; *see, supra* at 2–3. The BOP has for several years provided a specific administrative remedy procedure through which inmates can present their claims to prison officials. 28 C.F.R. § 542.10(a) (the administrative remedy program allows inmates to seek formal administrative review of issues relating to any aspect of the inmate's confinement). The first step in the BOP's administrative review occurs when an inmate seeks informal resolution of the issue(s) at the place of confinement. 28 C.F.R. § 542.13. If he is unsuccessful at this step, the inmate must file a formal written administrative request on form BP-9 with the warden. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the warden's response, further review is available by the BOP's regional director. 28 C.F.R.

§ 542.15. Next, the inmate can seek review with the BOP's Office of General Counsel. *Id.* A final decision from the Office of General Counsel completes the BOP's administrative review procedure. 28 C.F.R. § 542.15(a).

Jones does not dispute the failure to exhaust his administrative remedies provided by the BOP. Instead, Jones makes the conclusory and wholly unsupported allegation that exhaustion of the administrative remedies provided by the BOP would be futile as the BOP has "predetermined" the matter adversely to him. Doc. 16 at 8. As previously determined, Jones' claim that his release to home confinement is mandated by the Frist Step Act of 2018 based simply on his meeting the eligibility requirements set forth in the Act is without merit. Nevertheless, with respect to the claim seeking an immediate calculation of GCT under the Frist Step Act of 2018 and any potential viable claim which may subsequently be raised regarding home confinement, the court finds Jones' argument of predetermination lacking in merit as he has not undertaken the administrative remedies provided by the BOP and, therefore, no determination of these matters has been issued by the BOP with respect to Jones.

The administrative remedies provided by the BOP are well established and long acknowledged by federal courts. After a thorough review of the record, the court finds that Jones has failed to utilize the multi-level administrative remedy established by the BOP with respect to the GCT and age eligibility changes made by the First Step Act of 2018. Thus, Jones has not satisfied the requirement that he exhaust his available administrative

remedies before seeking habeas corpus relief in this court. In addition, Jones has likewise failed to establish circumstances justifying waiver of the exhaustion requirement.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. To the extent the petitioner seeks an immediate award of good time credit under the provisions of the First Step Act of 2018, this claim be dismissed without prejudice as it is premature.

2. With respect to the petitioner's request that the court order his immediate placement on home confinement, this claim be dismissed with prejudice as he is not entitled to such placement.

3. The instant 28 U.S.C. § 2241 petition for habeas corpus relief filed by Robert Nathan Jones be DENIED.

4. This case be DISMISSED.

It is further ORDERED that on or before **June 18, 2019** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 4th day of June, 2019.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE